IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JODI D. DODSON,

    **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:12cv50
　　　　　　　　　　　　　　　　　　　　　　　　　(Judge Groh)

**FEDERAL BUREAU OF PRISONS,**
**BANNUM, Inc.,**
**CAROLYN DUNSON,**
**DANIEL MITCHELL,**
**RICHARD NOBLE,**
**CHERI SUMMERS,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On May 25, 2012, the *pro se* Plaintiff, a federal inmate who was housed at the Bannum Halfway House in Clarksburg, filed this civil rights action pursuant to Bivens v. Six Unknown Federal Narcotics Agents,[1] ("Bivens") 403 U.S.338 (1971). On June 14, 2012, the plaintiff was released from custody. This case is before the undersigned for a report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).[2]

## I. STATEMENT OF FACTS

---

[1] In this case, the Supreme court created a counterpart to 42 U.S.C.§ 1983 and authorized suits against federal employees in their individual capacities.

[2] 28 U.S.C. §1915(e)(2)(B) states: Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...
    (B) the action or appeal-
        (I)   is frivolous or malicious;
        (ii)  fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

In the complaint, the plaintiff alleges that she was discriminated against based on medical orders from her physician which were ignored and used to revoke her home confinement after 3 ½ months. In addition, the plaintiff alleges that unwarranted disciplinary actions were used pertaining to her work waiver denial, including issuing only 12 hours passes to home rather than 24 or 53 hour passes. Finally, the plaintiff alleges that she was denied a permit for any library visits, either legal or public, thus restricting her legal work and preparation for filing. For relief, the plaintiff seeks immediate reinstatement of home confinement, work waiver approval based on physician's order, access to the library and legal materials, an apology to her family and herself, reimbursement for financial loss, and written policies and proof of all transactions for future residents.

## II. STANDARD OF REVIEW

Because the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity

dismissals should only be ordered when the legal theories are "indisputably meritless,"[3] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

### III. DISCUSSION

#### A. Federal Bureau of Prisons

This action is being analyzed pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). However, a Bivens cause of action cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994); Steele v. Federal Bureau of Prisons, 355 F. 3d 1204 (10th Cir. 2003). Accordingly, the Federal Bureau of Prisons is not a proper defendant and must be dismissed.

#### B. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in §1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[4] and is required even when the relief sought is not available. Booth at 741. Because

---

[3] Id. at 327.

[4] Id.

3

exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires *full* and *proper* exhaustion." Woodford at 92-94 (emphasis added). Full and proper exhaustion includes *meeting all the time and procedural requirements of the prison grievance system.* Id. at 101-102. (emphasis added).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq.[5] If the prisoner achieves no satisfaction informally, she must file a written complaint to the Warden (BP-9), within twenty calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the Warden's response, she may appeal to the Regional Director of the BOP (BP-10) within twenty days of the Warden's response. Finally, if the prisoner has received no satisfaction, she may appeal to the Office of General Counsel (BP-11)

---

[5]In the instant case, the plaintiff was in a community corrections center or halfway house and thus exempt from informal exhaustion requirements pursuant to 28 C.F.R. § 542.13.

within thirty days of the date the Regional Director signed the response.[6] An inmate is not deemed to have exhausted her administrative remedies until she has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, **pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint**. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

The PLRA's exhaustion requirement applies equally to prisoners held in private or government facilities. See Roles v. Maddox, 439 F.3d 1016, 1017-18 (9th Circ. 2006). Here, the plaintiff was in a halfway house when she initiated this action and was, therefore, a prisoner subject to the PLRA's exhaustion requirements. However, in her complaint she clearly states that although she had filed a BP-10, she had yet to receive a reply. In fact, the plaintiff

---

"If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

acknowledges that she did not exhaust all available administrative remedies. To explain this failure, the plaintiff noted that "due to time constraints of term left at halfway house seems improbable any response will resolve issues at this time. Further, defendants refuse to admit wrongful actions nor to correct their actions." (Doc. 1, p. 6). However, because the plaintiff was a prisoner when she brought this suit, and her suit concerns "prison conditions" § 1997e(a) applies, and she was required to exhaust available administrative remedies before she filed suit. Because she failed to so, her complaint is due to be dismissed.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED WITH PREJUDICE** against the Bureau of Prisons and **WITHOUT PREJUDICE** against the remaining defendants for the failure to exhaust administrative remedies. It is further recommended that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841

(4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 7-16-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE